**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MAURICIO GUZMAN HERNANDEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>ZHOU HOSPITALITY GROUP, LLC<br>d/b/a UMAYA IZAKAYA<br>733 10th Street NW<br>Washington, DC 20001<br><br>CHAO CHARLES ZHOU<br>a/k/a CHARLES ZHOU<br>17213 Sumac Court<br>Germantown, MD 20874<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT

1.  Defendants employed Plaintiff at their restaurant, Umaya Izakaya, as a cook. Defendants did not pay Plaintiff D.C. minimum wages, overtime wages, or compensation for working split shifts.

2.  Plaintiff brings this action to recover damages for Defendants' willful failure to pay regular, minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff Mauricio Guzman Hernandez is an adult resident of the District of Columbia.

6. Defendant Zhou Hospitality Group, LLC is a District of Columbia corporate entity. It does business as Umaya Izakaya. Its principal place of business is located at 733 10th Street NW, Washington, DC 20001. Its registered agent for service of process is Nonprofit Corporation Services, Inc., 1735 20th Street NW, Washington, DC 20009.

7. Defendant Chao Charles Zhou is an adult resident of Maryland. He resides at 17213 Sumac Court, Germantown, MD 20874. He is an owner and officer of Defendant Zhou Hospitality Group, LLC. He exercises control over the operations of Zhou Hospitality Group, LLC — including its pay practices.

**Factual Allegations**

8. Defendants own and operate the restaurant Umaya Izakaya, located at 733 10th Street NW, Washington, DC 20001.

9. Plaintiff worked at Umaya Izakaya from approximately January 2016 through approximately April 1, 2019.

10. Plaintiff worked at Umaya Izakaya as a cook.

11. Plaintiff's job duties at Umaya Izakaya primarily consisted of cooking and cleaning.

12. Plaintiff typically and customarily worked between 52.0 and 63.0 hours per week.

13. At all relevant times, Defendants paid Plaintiff by the hour.

14. Defendants paid Plaintiff by cash during his first two years of work.

15. Defendants paid Plaintiff by check from approximately January 2018 through April 1, 2019.

16. Plaintiff worked more than forty hours per workweek for Defendants.

17. Defendants paid Plaintiff the same regular hourly rate across all hours worked.

18. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

19. For example, during the pay period of March 16–31, 2018, Plaintiff worked 148.40 hours. Defendants paid Plaintiff his regular hourly rate of $13.00 across all hours worked, including overtime hours, as seen in the following paystub:



20. In addition to not paying overtime wages, Defendants paid Plaintiff hourly rates below the D.C. minimum wage.

21. Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rates |
|---|---|
| Jun. 13, 2016–Dec. 31, 2016 | $10.00 |
| Jan. 01, 2017–Jun. 30, 2017 | $11.00 |
| Jul. 01, 2017–Dec. 31, 2017 | $12.00 |
| Jan. 01, 2018–Apr. 01, 2019 | $13.00 |

22. The D.C. minimum wage was $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, and $13.25 per hour from July 1, 2018 through the present. D.C. Code § 32-1003(a).

23. Finally, in 2016 and 2017 Defendants required Plaintiff to work split shifts.

24. In 2016 and 2017, Defendants often provided Plaintiff with a lunch break that was 90 minutes or more.

25. Defendants never provided Plaintiff with additional compensation equivalent to "one additional hour at the minimum wage for each day during which the employee works a split shift." 7 DCMR § 906.1.

26. For the three years preceding the filing of this complaint, Defendants owe Plaintiff approximately $30,000.00 in regular, minimum, and overtime wages (excluding liquidated damages).

27. At all relevant times, Defendant Zhou personally hired, or participated in the decision to hire staff members of Umaya Izakaya.

28. At all relevant times, Defendant Zhou personally fired, or participated in the decision to fire, staff members of Umaya Izakaya.

29. At all relevant times, Defendant Zhou personally set, or participated in the decision to set, Plaintiff's hourly rates.

30. At all relevant times, Defendant Zhou personally set, or participated in the decision to set, Umaya Izakaya's hours of operation.

31. Defendant Zhou typically and customarily signed Plaintiff's paychecks.

32. At all relevant times, Defendants had the power to hire and fire Plaintiff.

33. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

34. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

35. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

36. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

37. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

38. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

39. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

40. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

41. At all relevant times, Defendants had employees who handled food products, such as fish, rice, and vegetables, that had been caught or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

42. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

43. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

44. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

45. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

46. Defendants' violations of the FLSA were willful.

47. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

48. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

49. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

50. The DCMWA requires that employers pay non-exempt employees at least $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, and $13.25 per hour from July 1, 2018 through the present. D.C. Code § 32-1003(a).

51. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

52. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

53. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

54. Defendants' violations of the DCMWA were willful.

55. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and over-time wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

56. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

57. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

58. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

59. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

60. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

61. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including regular, minimum, and overtime wages.

62. Defendants' violations of the DCWPCL were willful.

63. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$124,436.80**, and grant the following relief:

a. Award Plaintiff $120,000.00, consisting of the following overlapping elements:

   i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii. unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

   iii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,036.80)

    d.    Award Plaintiff court costs (currently, $400.00); and

    e.    Award any additional relief the Court deems just.

Date: June 23, 2019                                     Respectfully submitted,

<u>/s/ Justin Zelikovitz</u>
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*